

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# Hruban v. Steinman

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2277

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Hruban v. Steinman" (2002). *2002 Decisions.* Paper 442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2277


JOSEPH J. HRUBAN,

Appellant

v.

BARRY F. STEINMAN


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(District Court No. 00-CV-04285)
District Court Judge: Honorable Eduardo C. Robreno


Argued on June 24, 2002

Before: BECKER, Chief Judge, ALITO and AMBRO, Circuit Judges.

                    MICHAEL K. CORAN (Argued)
                    MICHAEL A. IACONELLI

                                                    Klehr, Harrison, Ha

                        Ellers, LLP
                    260 South Broad Street
                    Philadelphia, PA 19102

                        Counsel for Appellant

                    MERRILL G. DAVIDOFF
                    ERIC L. CRAMER (Argued)
                    JENNA MACNAUGHTON-WONG
                    Berger & Montague, P.C.
                    1622 Locust Street
                    Philadelphia, PA  19103

                        Counsel for Appellee


OPINION OF THE COURT


PER CURIAM:

In this appeal, Joseph Hruban challenges the decision of an arbitration panel of the

National Association of Securities Dealers to award Barry Steinman over $1 million for his claims arising under Pennsylvania's Wage Payment and Collection Law, 43 Pa. Stat. 260. The District Court denied Hruban's complaint seeking to upset the arbitrators' award. Under the deferential standard by which this Court must review the arbitrators' decision, we affirm.

The facts of this case are well known to the parties. Because we write only for their benefit, we will not belabor the factual and procedural background. This Court exercises plenary review over the District Court's grant of Steinman's motion under Fed. R. Civ. P. 12(b)(6) to dismiss Hruban's complaint.

We review decisions of an arbitration panel under a highly deferential standard. The grounds upon which this Court may vacate an arbitration award are "narrow in the extreme." Amalgamated Meat Cutters & Butcher Workmen of N. Am., Local 195 v. Cross Brothers Meat Packers, Inc., 518 F.2d 1113, 1121 (3d Cir. 1975). It is not the proper role of the court to "sit as the [arbitration] panel did and reexamine the evidence under the guise of determining whether the arbitrators exceeded their powers." Mutual Fire, Marine, & Inland Ins. Co. v. Norad Reins. Co., Ltd., 868 F.2d 52, 56 (3d. Cir. 1989). In particular, Hruban invokes three grounds for vacatur recognized in prior Circuit precedent: (1) the panel exceeded its powers, (2) the panel displayed a manifest disregard of the law, and (3) the panel's decision was contrary to public policy.

First, to determine whether arbitrators exceeded their powers, this Court has employed a two-step analysis: (a) the form of the award must be rationally derived either from the agreement between the parties or from the parties' submission to the arbitrators, and (b) the terms of the award must not be "completely irrational." Mutual Fire, 868 F.2d at 56. A second possible ground for vacatur is "manifest disregard of the law." Kaplan v. First Options of Chicago, 19 F.3d 1503, 1520 (3d Cir. 1994); see also First Options of Chicago v. Kaplan, 514 U.S. 938, 942 (1995).

Third, to warrant vacatur on public policy grounds under our prior cases, the arbitration award must "violate[] a 'well-defined and dominant' public policy, which we must 'ascertain[] by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" Exxon Shipping Co. v. Exxon Seamen's Union, 993 F.2d 357, 360 (3d Cir. 1993) (quoting W.R. Grace & Co. v. Local Union 759, Int'l Union of Rubber Workers, 461 U.S. 757, 766 (1983)). See also Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598 (2001).

Under the standard of review we are bound to follow, Hruban fails to establish any grounds for vacatur. However, Hruban urges this Court to "change the standard of review." Appellant's Br. at 60. Hruban argues for a broader standard to allow "greater judicial involvement in the review process relating to arbitration awards." Id. at 59. In light of the relevant precedents of the Supreme Court and this Circuit, we decline to adopt the broader standard of review Hruban advocates. We affirm the District Court's decision and sustain the arbitrators' award to Steinman.